**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**BEVERLY SMITH INGRAM**                                                                 **PLAINTIFF**

V.                              **CASE NO.: 5:12CV00012 BD**

**MICHAEL J. ASTRUE, Commissioner,
Social Security Administration**                                                         **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Beverly Smith Ingram seeks judicial review of the denial of her application for disability income benefits. Ms. Ingram last worked in January, 2009. (Tr. 138) She was laid off, then terminated when she could no longer perform her factory job as a "plug-in" worker due to carpal tunnel syndrome. (Tr. 35-38, 138, 198) She was fifty-two years old at the time of her hearing. (Tr. 31) She had a general educational development certificate and had attended two semesters of college. (Tr. 31-32)

The vocational expert ("VE") who testified at Ms. Ingram's hearing rated her past work as a "plug-in" worker[1] as semiskilled, light work with a specific vocational preparation ("SVP") of 3.[2] The VE found, however, based on Ms. Ingram's testimony, that she was performing the job at the medium level. The VE also noted that she testified

---

[1] The *Dictionary of Occupational Titles* ("DOT") refers to this job as "Plug Wirer," DOT No. 726.684-014.

[2] Unskilled work corresponds to an SVP of 1-2, semi-skilled work corresponds to an SVP of 3-4 and skilled work corresponds to an SVP of 5-9. See SSR 00-4p, 2000 WL 1898704, at *3.

that in this job she had to do some data entry and maintain accounts utilizing a computer. The VE testified that basic data entry is rated as semiskilled, sedentary work with an SVP of 4.[3]  (Tr. 46-47)

Ms. Ingram's other past relevant work was as a material handler.[4]  The VE classified this job as semiskilled, heavy work, with an SVP of 3.  (Tr. 47)  However, because Ms. Ingram testified that she operated a crane in that position, the VE testified that the crane operator portion of the position was semiskilled, medium work with an SVP of 4.[5]  (Tr. 47)

The VE testified that Ms. Ingram had skills transferable to sedentary work, namely verifying work orders, data entry, maintaining accounts and basic simple records.  (Tr. 47)  The VE testified that a hypothetical person with Ms. Ingram's education and work experience could perform a semiskilled, light level job such as desk clerk,[6] with an SVP of 4; or lease clerk[7] with an SVP of 4.  (Tr. 48)

---

[3]DOT No. 203.582.054.

[4]DOT 929.687-030.

[5]DOT No. 921.663-070.

[6] DOT No. 238.367-038.

[7]DOT No. 254.357-010.

2

In this appeal, Ms. Ingram objects to the ALJ's finding that she could perform jobs at an SVP level of 4. She argues that her prior jobs were rated at an SVP level of 3 and that her skills were not transferable to the jobs of desk clerk or lease clerk.

An ALJ cannot rely on expert testimony that conflicts with the job classifications in the *Dictionary of Occupational Titles* ("DOT") unless there is evidence in the record to rebut those classifications; however, in this case there is no conflict. See *Jones ex rel. Morris v. Barnhart*, 315 F.3d 974, 979 (8th Cir. 2003)(citing *Porch v. Chater*, 115 F.3d 567, 572 (8th Cir. 1997)). The DOT indicates that the jobs of desk clerk and lease clerk require an SVP of 4, which makes these semiskilled positions. See SSR 00-4p, 2000 WL 1898704, at *3.

The record indicates that Ms. Ingram could perform the two jobs identified by the vocational expert even though the DOT lists them as requiring an SVP OF 4, because Ms. Ingram's work history indicates that she had worked at jobs with equally high SVP ratings. As a plug-in worker, Ms. Ingram performed some data entry and maintained accounts using a computer. The VE testified that basic data entry that Ms. Ingram performed in her plug-in worker position is rated as semiskilled, sedentary work with an SVP of 4, and the data entry verifying accounts skills she had attained would give Ms. Ingram an advantage when she applied for other jobs. (Tr. 52-53) The VE also testified that in her materials handler job, Ms. Ingram operated a crane, which is classified as

3

semiskilled, medium work with an SVP of 4.[8] (Tr. 47) The VE testified that this was also a skill that gave Ms. Ingram an advantage when she applied for other jobs. (Tr. 53)

In her past relevant work, Ms. Ingram performed jobs with an SVP of 3 and 4. The jobs the VE identified that a hypothetical person with Ms. Ingram's work experience could perform, desk clerk and lease clerk, also had an SVP of 4.

Substantial evidence supports the ALJ's decision denying Ms. Ingram's application. The ALJ made no legal error. For these reasons, the court DENIES Ms. Ingram's request for relief (docket entry # 2) and AFFIRMS the decision denying the application.

It is so ordered this 24th day of January, 2013.

                                                       UNITED STATES MAGISTRATE JUDGE

---

[8] DOT No. 921.663-070.